IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| GREGORY DARNELL WILLIAMS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 9:11cv118 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Gregory Williams, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams was convicted of conspiracy to possess with intent to distribute cocaine base, and possession with intent to distribute cocaine base. He went to trial on both charges and was convicted, receiving a sentence of 360 months in prison on May 30, 1995. He took a direct appeal, and his sentence was affirmed by the Fifth Circuit Court of Appeals on June 4, 1996.

On May 9, 1997, Williams filed a motion to vacate or correct his sentence regarding this conviction. Williams v. United States, civil action no. 9:97cv60 (E.D.Tex., dismissed with prejudice October 14, 1998, certificate of appealability denied July 28, 1999). The motion was considered on the merits and denied, and the Fifth Circuit affirmed the denial of relief by denying Williams a certificate of appealability. He has now filed the present motion to vacate or correct his sentence, again challenging this same conviction.

In the present case, Williams says that a 2011 Supreme Court decision called <u>DePierre v. United States</u>. 131 S.Ct. 2225 (2011) states that the evidence may be insufficient as a matter of law in cases like his. He says that under <u>DePierre</u>, the Government must establish the scientific identification of a substance in order to prove beyond a reasonable doubt that the substance alleged at trial is in fact a substance that violates the provisions of law under which it is charged. In his case, Williams says, the jury was never asked to consider the "type and quantity" of the substance, and so the finding of guilt is invalid.

The Magistrate Judge ordered the Government to answer Williams' motion to vacate or correct sentence. The Government has responded by filing a motion to dismiss, noting that this is the second motion to vacate or correct sentence which Williams has filed concerning the same conviction. Under 28 U.S.C. §2255, a second or successive motion to vacate or correct sentence must be certified by a panel of the appropriate court of appeals to contain newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty, or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2244(3)(A) provides that before a second or successive application may be considered, applicants must move in the court of appeals for an order authorizing the district court to consider the application.

After considering the pleadings and records in the case, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be dismissed as successive. The Magistrate Judge noted that Williams does not allege, much less show, that he has received permission from the Fifth Circuit Court of Appeals to file a second or successive petition, and the on-line records of the Fifth Circuit Court of Appeals do not show that Williams has ever sought such permission. Consequently, the Magistrate Judge determined that the district court lacked jurisdiction over Williams' petition, and recommended that it be dismissed.

Williams filed objections to the Magistrate Judge's Report on January 3, 2012. In his objections, Williams argues that the successive-petition requirement can be avoided by a showing

of cause and prejudice, which exception may be invoked by a showing through clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner eligible for the sentence.

Williams argues that this case does not raise any questions about retroactivity because in DePierre, the Supreme Court simply explained what the statute had meant since its enactment. He says that DePierre did not overrule any prior decisions but simply held that certain prior decisions of the courts of appeals were incorrect. Therefore, Williams says that he is not raising any "second or successive issues" and so he does not need permission to file his motion to vacate sentence. Williams maintains that the Government could not have proven beyond a reasonable doubt that the substance he possessed was cocaine base because there was no evidence presented to the jury regarding the chemical makeup of the substance, as DePierre held is required by law

There is no "cause and prejudice" exception in the district courts for successive petitions under 28 U.S.C. §2255. The showing of a valid reason to proceed, in the form of a showing of newly discovered evidence or of a new rule of constitutional law made retroactive to cases on collateral review, must be made to the appellate court first. Once permission to proceed is obtained from the appellate court, the movant may then file his motion to vacate or correct sentence in the district court. Until such permission is obtained, however, the district court lacks jurisdiction to proceed on the motion to vacate or correct sentence. United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

In this case, Williams' petition is "second or successive" because he has previously challenged this same conviction through an earlier Section 2255 motion. He indicates in his objections that a new Supreme Court decision, DePierre, forms the basis of his request to proceed. Whether or not this request to proceed is meritorious is a decision which must be made by the Fifth Circuit rather that the district court, which lacks jurisdiction over the Movant's claims until such

3

permission has been obtained from the Fifth Circuit.[1] Because Williams has not secured permission from the Fifth Circuit Court of Appeals to proceed with his motion, which is the second challenge to his conviction which he has presented under 28 U.S.C. §2255, the present motion to vacate or correct sentence must be dismissed until he acquires such permission. Williams' objections to the Magistrate Judge's Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Movant's motion to vacate or correct sentence, the answer filed by the Government, the Report of the Magistrate Judge, and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice until such time as the Movant Gregory Williams obtains leave from the Fifth Circuit Court of Appeals to file a second or successive petition under 28 U.S.C. §2255. It is further

ORDERED that the Movant Gregory Williams is hereby DENIED a certificate of appealability *sua sponte*, with such denial pertaining only to an appeal of the present case and having no effect upon Wiliams' right to seek permission to file a second or successive petition, or upon his right to proceed once such permission has been obtained. Finally, it is

---

[1] The Court offers no opinion as to the merits of Williams' request to proceed in a successive petition based upon DePierre; however, the Court notes, as should Williams, that "DePierre has not been recognized or declared a retroactively applicable Supreme Court decision." Wilson v. U.S., civil action no. 11-CV-1532, 2011 WL 6308907 (W.D.La., November 29, 2011).

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **January, 2012.**

_____
Ron Clark, United States District Judge